UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
(SOUTHERN DIVISION)

VARUN CHOPRA, M.D., and
SATISH CHOPRA and POONAM
CHOPRA, husband and wife,

          Plaintiffs,                   Case No. 16-

v.                                      Hon.

PHYSICIANS MEDICAL CENTER, LLC
d/b/a Pontiac General Hospital, SANYAM
SHARMA and PRIYAM SHARMA,
jointly and severally,

          Defendants.

_____

ANDREW J. BRODER P23051
CAROL L. FOSSEE P32307
PAYNE, BRODER & FOSSEE, P.C.
Counsel for Plaintiffs
32100 Telegraph Rd., Ste. 200
Bingham Farms, MI 48025-2454
Phone:     (248) 642-7733
Fax:       (248) 642-7557
Email:     abroder@ppbf.com

_____

## VERIFIED COMPLAINT

### Jurisdiction and Parties

     Plaintiffs, VARUN CHOPRA, M.D., SATISH CHOPRA and POONAM CHOPRA (identified respectively as "Dr. Chopra" and "Dr. Chopra's Parents," and collectively as "Plaintiffs"), by and through their undersigned counsel, state as their Complaint against Defendants, PHYSICIANS MEDICAL CENTER, LLC d/b/a Pontiac General Hospital

Payne, Broder
& Fossee, P.C.

Attorneys &
Counselors

32100 Telegraph Rd.
Suite 200
Bingham Farms, MI
48025-2454

(248) 642-7733

1

and SANYAM SHARMA and PRIYAM SHARMA (identified, respectively, as the "Hospital," and the "Sharmas," and collectively as the "Defendants"), as follows:

1.    This is an action for breach of contract and fraud.

2.    This Court has jurisdiction pursuant to Title 28 USC 1332.

3.    The Plaintiffs are legal residents of Canada. All of the Defendants are citizens of the United States, and reside or have their principal place of business in the State of Michigan.

4.    Upon information and belief: Defendant Hospital is a Michigan limited liability company with its offices and principal place of business in the State of Michigan, located at 416 W. Huron, Pontiac, MI 48341. The resident agent of the Hospital is Sanyam Sharma. The Hospital's assumed name is Pontiac General Hospital. The Sharmas are, upon information and belief, majority owners of the Hospital (through their limited liability company), and Sanyam Sharma is the Chief Executive Officer and President of the Hospital.

5.    The amount in controversy in this lawsuit exceeds $75,000.00, exclusive of interest and costs.

6.    Diversity of citizenship exists.

7.    The events giving rise to this cause of action occurred within the Eastern District of Michigan.

### Background Facts

8.    Dr. Chopra is a graduate of the American University of Antigua, having completed its medical degree program approximately in 2010.

9.    Dr. Chopra recently sought to pursue his medical residency in the United States.

Payne, Broder
& Fossee, P.C.

Attorneys &
Counselors

32100 Telegraph Rd.
Suite 200
Bingham Farms, MI
48025-2454

(248) 642-7733

2

10.    Dr. Chopra undertook communications with the Hospital and its representatives for such purpose. Dr. Chopra's parents assisted Dr. Chopra in this regard, as they were keenly interested in having their son pursue a residency in this country.

11.    Dr. Chopra was provided with the Hospital's Residency Agreement, which he would need to sign in order to participate in the residency program at the Hospital.  Dr. Chopra and Dr. Chopra's parents reviewed the terms of the Residency Agreement and were satisfied with its terms. However, they were advised that the Hospital would not sign the Residency Agreement unless and until the Hospital was paid $400,000.00 US.

12.    Dr. Chopra's parents raised the required funds and on the day they paid the funds to the Hospital, the latter signed the Residency Agreement.  A copy of the checks paid by Dr. Chopra's parents to the Hospital, totaling $400,000 in the aggregate, is attached as composite Ex. A, and a copy of the Residency Agreement signed by Dr. Chopra and the Hospital is attached as Ex. B.

13.    The Residency Agreement initially called for the residency program to commence on October 1, 2016, which was postponed by the parties until November 1, 2016.

14.    Prior to the commencement of Dr. Chopra's participation in the residency program, Dr. Chopra was instructed that he needed to participate in an "observership" program at the Hospital.  Dr. Chopra, in fact, participated in that program, during the period October 3, 2016 through approximately October 26, 2016.  See Ex. C.

Payne, Broder
& Fossee, P.C.

Attorneys &
Counselors

32100 Telegraph Rd.
Suite 200
Bingham Farms, MI
48025-2454

(248) 642-7733

3

15.     In order to permit him to participate in the residency program and in the orientation (observership) program, Dr. Chopra needed to live near the Hospital.  As a result, he undertook to lease an apartment in the City of Pontiac.

16.     After completion of the orientation (observership) program, Dr. Chopra expected to begin the residency program on November 1, 2016, in line with the Residency Agreement.  However, on October 26, 2016, representatives of the Hospital telephoned Dr. Chopra's mother, Poonam Chopra, to advise that Dr. Chopra would not be permitted to begin the residency program.

17.     No explanation has ever been given to Dr. Chopra or to Dr. Chopra's parents for the Hospital's decision to bar Dr. Chopra from commencing the residency program, despite the fact that Dr. Chopra and his parents have repeatedly sought to find out the reason for the Hospital's action.

18.     On November 1, 2016, Dr. Chopra was emailed a letter from Defendant Sanyam Sharma, indicating that Dr. Chopra had withdrawn from the residency program.  See Ex. D.

19.     However, the November 1, 2016 letter is patently false, as Dr. Chopra never withdrew from the program and, instead, was told that the Hospital had decided he could not participate in the program.  In fact, Dr. Chopra had previously written to the medical director, Nikhil H. Hemady, D.O., to express his surprise that the Hospital had decided he could not participate in the residency program and he asked why that decision had been made.  See Ex. E.[1]

Payne, Broder
& Fossee, P.C.

Attorneys &
Counselors

32100 Telegraph Rd.
Suite 200
Bingham Farms, MI
48025-2454

(248) 642-7733

---

[1] The Hospital had apparently contacted the Educational Commission for Foreign Medical Graduates to tell the Commission of its decision, without advising Dr. Chopra of the decision.

4

20.    Dr. Chopra and his Dr. Chopra's parents have sought to obtain the return of the $400,000.00 which Dr. Chopra's parents paid to the Hospital as a condition of their son's participation in the residency program. See, e.g., a letter from Dr. Chopra, dated October 31, 2016 (Ex. F).  However, the Hospital has totally ignored those requests and still holds the funds.

## COUNT I – BREACH OF CONTRACT

21.    Plaintiffs incorporate paragraphs 1-20, above, as if set forth in full here.

22.    The Residency Agreement constitutes a binding contract of the parties.

23.    The Hospital has, for the reasons described above, breached the terms of the parties' contract.

24.    Dr. Chopra has been damaged by the Hospital's breach of contract, entitling him to the damages described below.   In addition to the monetary damages he has suffered, Dr. Chopra has also been delayed in starting a residency program, whether in the United States or elsewhere.  This significantly impacts his income and career.

## COUNT II – FRAUD IN THE INDUCEMENT

25.    Plaintiffs incorporate paragraphs 1-24 above, as if set forth in full here.

26.    Dr. Chopra, and Dr. Chopra's parents, were induced by Defendants' fraud, to cause Dr. Chopra to enter into the Residency Agreement and to cause Dr. Chopra's parents to remit $400,000.00 for their son to participate in the program.

Payne, Broder
& Fossee, P.C.

Attorneys &
Counselors

32100 Telegraph Rd.
Suite 200
Bingham Farms, MI
48025-2454

(248) 642-7733

5

27.     The Hospital and the Sharmas made the material representation to the Plaintiffs that, upon the payment of $400,000, and only upon the payment of $400,000, Dr. Sharma would be entered into the residency program.

28.     The representation was patently false, and when the Defendants made the representation, they knew that the representation was false.

29.     The Defendants made the representation with the intention that the Plaintiffs would rely upon it.

30.     The Plaintiffs relied upon the representation.  Dr. Chopra's parents paid the Hospital $400,000, and immediately upon such payment, Dr. Chopra and the Hospital signed the Residency Agreement.

31.     Dr. Chopra and Dr. Chopra's parents, have been damaged by the Hospital's and the Sharmas' fraudulent actions, and as a consequence they are entitled to the damages described below (including but not limited to the return of the $400,000 paid to the Hospital as described in this Complaint).

32.     The illegal and fraudulent actions of the Sharmas, described above, were undertaken in concert with the Hospital, rendering them personally liable for the damages suffered by Dr. Chopra and by Dr. Chopra's parents.

## COUNT III – CIVIL CONSPIRACY

33.     Plaintiffs incorporate paragraphs 1-28 as if set forth in full here.

34.     Each of the Sharmas, and the Hospital, acted in concert to defraud Dr. Chopra and Dr. Chopra's parents.

35.     The above-described actions constitute a civil conspiracy, rendering them personally liable to Dr. Chopra and to the Hospital.

Payne, Broder
& Fossee, P.C.

Attorneys &
Counselors

32100 Telegraph Rd.
Suite 200
Bingham Farms, MI
48025-2454

(248) 642-7733

6

## DAMAGES AND OTHER RELIEF REQUESTED

By virtue of the improper and illegal actions of the Hospital and the Sharmas, described above, Dr. Chopra and Dr. Chopra's parents are entitled to the following relief against the Defendants, jointly and severally:

A.  Monetary Damages in excess of $75,000.00 as a result of the Defendants' breach of contract.

B.  Monetary Damages in excess of $75,000.00 as a result of the Defendants' fraudulent actions, including but not limited to the return of the $400,000.00 paid by Dr. Chopra's parents, plus interest.

C.  Monetary Damages in excess of $75,000.00 as a result of the Defendants' civil conspiracy.

D.  Entry of a temporary restraining order and further injunctive relief, restraining Defendants from using the $400,000.00 paid by Dr. Chopra's parents, affirmatively requiring the Defendants to return those funds forthwith, and also requiring the Hospital immediately to provide a letter to Dr. Chopra indicating that he is not participating in the Hospital's residency program.

E.  The granting of such other further legal and equitable relief as the Court deems proper under the circumstances.

**Payne, Broder & Fossee, P.C.**

**Attorneys & Counselors**

**32100 Telegraph Rd. Suite 200 Bingham Farms, MI 48025-2454**

**(248) 642-7733**

Verification

The above contents of this Complaint are true and correct to the best of our knowledge and belief.

VARUN CHOPRA, M.D.

SATISH CHOPRA

STATE OF MICHIGAN )
                        )SS.
COUNTY OF OAKLAND )

On this 3rd day of November, 2016, before me a Notary Public in and for said County, did personally appear VARUN CHOPRA, M.D. and SATISH CHOPRA, who acknowledged and executed the within Verified Complaint in their behalf.

NANCY G. GIRARDOT
Notary Public - Oakland County, MI
Acting in Oakland County, MI
My Commission Expires: 09-15-2018

PAYNE, BRODER & FOSSEE, P.C.

BY:

ANDREW J. BRODER P23051
Counsel for Plaintiffs
32100 Telegraph Rd., Ste. 200
Bingham Farms, MI 48025-2454
(248) 642-7733

DATED:      November 3, 2016

Payne, Broder
& Fossee, P.C.

Attorneys &
Counselors

32100 Telegraph Rd.
Suite 200
Bingham Farms, MI
48025-2454

(248) 642-7733

8