UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VARUN CHOPRA, et al.,

    Plaintiffs,

v.                                        Case No. 16-13915

PHYSICIANS MEDICAL CENTER, LLC, et al.,

    Defendants.
_____/

**ORDER DENYING IN PART PLAINTIFF'S "MOTION
FOR PRELIMINARY INJUNCTION AND ORDER FOR IMMEDIATE
SHOW CAUSE HEARING PURSUANT TO FED. R. CIV. P. 65," DENYING
PLAINTIFF'S "EX PARTE MOTION FOR ORDER DETERMINING THAT
DEFENDANTS HAVE BEEN ADEQUATELY SERVED," AND SETTING A
PRELIMINARY INJUNCTION HEARING**

Plaintiffs filed their Complaint (Dkt. # 1) on November 3, 2016, and Defendants have yet to be served. On November 15, Plaintiffs filed a "Motion for Preliminary Injunction and Order for Immediate Show Cause Hearing Pursuant to Fed. R. Civ. P. 65." (Dkt. # 5.) On the same date Plaintiffs also filed an "Ex Parte Verified Motion For Order Determining That Defendants Have Been Adequately Served With Court Process Or, Alternatively, Permitting Substituted Service of Process." (Dkt. #6.) As no attorney has appeared on behalf of any of the Defendants, Defendants were not served through the electronic filing system, though the certificates of service indicate that Plaintiffs have mailed copies of the motions to a person believed to be counsel for Defendants. Because it requests the issuance of a preliminary injunction without notice or hearing, Plaintiffs' motion may be fairly characterized as a request for a temporary restraining

order. *See* Fed. R. Civ. P. 65(b). For the following reasons, the court concludes that a temporary restraining order is not required in this case, and it will not deem Defendants to have been served.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)).  Rule 65 states in relevant part that:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damages will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b).  When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted).  These factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)).  "For example, the probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury the movants will suffer absent the [TRO]." *Id.* (citing *Griepentrog*, 945 F.2d at 153). However, a TRO is a form of emergency relief and requires that a plaintiff would suffer "immediate and

2

irreparable injury, loss, or damage . . . *before the adverse party can be heard in opposition.*" Fed. R. Civ. P. 65(b).

The only reason for this court to act before Defendants can be heard would be to restrain the disbursement of monies allegedly paid to insolvent Defendants in consideration for participation in a medical residency program. Plaintiffs allege that Defendants' precarious financial position counsels in favor of an order that Defendants post $400,000 with the Clerk of the Court. However, this court will not exercise its equitable powers to require such a large outlay without proper service or a hearing as the Defendant hospital and its patients could be irreparably harmed, it would not serve the public interest, and no other factor outweighs this consideration under the current facts. Plaintiffs also assert that the burden on Varun Chopra's ability to seek another residence program justifies this court to enter an injunction requiring Defendants to supply Plaintiffs with a letter saying that Mr. Chopra was terminated from the residency program rather than withdrew. Troublingly, at least one email from an attorney purporting to represent Defendants suggests that the Defendants contest whether this is even factually accurate. (Dkt. #6-3.) This court will not sit in equity and order Defendants to issue a letter making misstatements of fact. Such an order would clearly harm Defendants and is not in the public interest, nor is the likelihood of success or injury great enough to overcome these considerations. Therefore, Plaintiff's motion for TRO will be denied.

The court will also deny Plaintiff's *ex parte* request for a determination that Plaintiffs have effected service on Defendants. Plaintiffs argue that counsel for the Defendants has unfairly promised to accept service on behalf of Defendants then later changed her story. They also claim that Plaintiffs have wrongfully evaded normal

3

service of process. While it is unfortunate that communications between counsel in this case have not proceeded ideally, it is apparent that counsel first indicated that she could accept service on November 3, 2016, (Dkt. #6-3), then spoke to her client and corrected this mistake a day later, (Dkt. #6-7). This is a far cry from bad faith gamesmanship, and any prejudice to Plaintiffs that might have resulted is minimal. Moreover, nothing indicates that Plaintiffs will be unable to serve Defendants normally within the 90 day period allowed under Federal Rule of Civil Procedure 4(m), as only two weeks have passed since the initial filing of the complaint.

Accordingly, IT IS ORDERED that Plaintiff's "Motion for Preliminary Injunction and Order for Immediate Show Cause Hearing Pursuant to Fed. R. Civ. P. 65" (Dkt. #5) is DENIED with respect to the request for a temporary restraining order. The request for a Preliminary Injunction remains pending.

IT IS FURTHER ORDERED that Plaintiff must serve this order on Defendants by **November 22, 2016.**  Assuming service is made by that date, the court intends to conduct a telephone conference with counsel on **November 28, 2016 at 3:00 p.m.** to discuss and seek agreement on the logistics (timing, complexity, etc.) of a preliminary injunction hearing.

The court anticipates conducting a hearing on the motion for Preliminary Injunction on **January 12, 2017 at 1:30 pm, at the US District Court in Port Huron, Michigan.**[1]

All natural party defendants will be required to appear as will all corporate entity

---

[1] Should the parties settle this case prior to the hearing, the parties should inform the court immediately.  The hearing on the request for a preliminary injunction will then be cancelled.

party representatives with fully dispositive settlement authority.

IT IS FURTHER ORDERED that Plaintiff's "Ex Parte Verified Motion For Order Determining That Defendants Have Been Adequately Served With Court Process Or, Alternatively, Permitting Substituted Service of Process" (Dkt. #6) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 18, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 18, 2016, by electronic and/or ordinary mail.

s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522
