UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**VARUN CHOPRA, M.D. et al.,**                    Case No. 16-13915

    Plaintiffs,                                           Judge Robert H. Cleland

v.                                                                Demand For Jury Trial

**PHYSICIANS MEDICAL CENTER, LLC, et al.,**

    Defendants

_____/

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

The Defendants, for their Answer and Affirmative Defenses to the plaintiffs' Verified Complaint, ("Complaint"), respond as follows:

### Preliminary Statement

To the extent that the titles and headings inserted by the plaintiffs at various points in their Complaint are intended to be allegations directed to the Defendants, they are, unless specifically admitted, denied. Additionally, the Defendant, Physicians Medical Center, LLC, is improperly named.

1. Paragraph 1 is denied.

2. Paragraph 2 is denied.

3. The Defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence in paragraph 3, and therefore deny same. The defendants deny the second sentence in paragraph 3, except they admit the independent clause in paragraph 3.

4. Paragraph 4 is denied.

1

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Paragraph 7 is denied.

8. The defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 8, and therefore deny same.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 9, and therefore deny same.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth of paragraph 10, and therefore deny same.

11. The defendants admit the first sentence in paragraph 11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the second sentence in paragraph 11, and therefore deny same. The defendants deny the third sentence in paragraph 11.

12. Paragraph 12 is denied, except that Exhibits A and B to the Complaint speak for themselves.

13. Paragraph 13 is denied, except that Exhibit B to the Complaint speaks for itself.

14. Paragraph 14 is denied, except that Exhibit C to the Complaint speaks for itself.

15. Paragraph 15 is denied.

16. The defendants deny the second sentence in paragraph 16. The defendants are without knowledge or information sufficient to form a belief as to the truth of the first sentence in paragraph 16, and therefore deny same.

17. Paragraph 17 is denied.

18. Paragraph 18 is denied, except that Exhibit D to the Complaint speaks for itself.

19. Paragraph 19 is denied. And Exhibit E to the Complaint is denied.

20. Paragraph 20 is denied. And Exhibit F to the Complaint is denied.

## AS TO COUNT I-
## BREACH OF CONTRACT

21. The Defendants incorporate by reference their responses to paragraphs 1 to 20 of the Complaint as if fully set forth herein.

22. Paragraph 21 is denied.

23. Paragraph 22 is denied.

24. Paragraph 23 is denied.

25. Paragraph 24 is denied.

## AS TO COUNT II-
## FRAUD IN THE INDUCEMENT

26. The Defendants incorporate by reference their responses to paragraphs 1 to 24 of the Complaint as if fully set forth herein.

27. Paragraph 25 is denied.

28. Paragraph 26 is denied.

29. Paragraph 27 is denied.

30. Paragraph 28 is denied.

31. Paragraph 29 is denied.

32. Paragraph 30 is denied.

33. Paragraph 31 is denied.

34. Paragraph 32 is denied.

## AS TO COUNT III-
## CIVIL CONSIPARCY

35. The defendants incorporate by reference their responses to paragraphs 1 to 32 of the Complaint as if fully set forth herein.

36. Paragraph 33 is denied.

37. Paragraph 34 is denied.

38. Paragraph 35 is denied.

## AS TO PLAINTIFFS' DEMAND FOR
## DAMAGES AND OTHER RELIEF REQUESTED

The Defendants deny it in its entirety.

## AFFIRMATIVE DEFENSES

**FIRST.** Insufficient service of process. Rule 12(b) (5) of the *Federal Rules of Civil Procedure*, as amended, ("*Rules*")

**SECOND .** The Complaint and each claim contained therein fail to state a claim upon which relief can be granted, pursuant to Rule 12(b) (6) of the *Rules*.

**THIRD .** The allegations in the Complaint that purport to state a claim of fraud are insufficient because they lack the particularity required by Rule 9(b) of the *Rules*.

**FOURTH .** The plaintiffs' claims are barred, in whole or in part, by their failure to mitigate any damages allegedly sustained.

**FIFTH .** The plaintiffs' claims, if any, are barred, in whole or in part, by the doctrine of laches, waiver, or estoppel.

**SIXTH .** If the plaintiffs have sustained any damages or incurred any expenses, such were not caused by the Defendants, but were caused, in whole or in part, by the acts or

4

omissions of others, whether individual, corporate, or otherwise, whether named or unnamed in the Complaint, and for whose conduct the Defendants are not responsible.

**SEVENTH .** If the plaintiffs have sustained any damages or incurred any expenses, such were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused by the Defendants and for which the Defendants are not liable.

**EIGHTH .** Plaintiffs' claims, if any, are barred, in whole or in part, by the applicable statutes of limitation and of repose.

**NINTH .** Plaintiffs' claims for punitive or exemplary damages, if any, are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional in so far as they violate the due process protections afforded by the United Stated Constitution, the excessive fines clause of the Eight Amendment to the United States Constitution, and applicable provisions of the Constitution of the State of Michigan.

**TENTH .** The plaintiff, Varun Chopra, materially breached the Residency Agreement first. And therefore he cannot enforce that Agreement.

**ELEVENTH .** The plaintiff, Varun Chopra, lacks standing to sue on the Residency Agreement.

**TWELTH .** The plaintiff, Varun Chopra, repudiated the Residency Agreement.

**THIRTEENTH .** The plaintiff, Varun Chopra, has unclean hands to sue on the Residency Agreement.

## DEFENSES RESERVED

The Defendants hereby give notice that they intend to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserve their rights and remedies to amend their Answer and to assert any such defenses.

## DEMAND FOR BIFURCATED TRIAL

If the plaintiffs are allowed to proceed to trial upon any claims for punitive or exemplary damages, such claims, if any, must be bifurcated from the other issues.

## DEMAND FOR JURY TRIAL

The defendants request a jury trial.

WHEREFORE, the Defendants request that this Court dismiss the Complaint with prejudice, that the plaintiffs recover nothing herein, and that the Defendants recover their costs, attorney's fees, and such other relief as this Court deems proper.

Respectfully submitted,

Dated: 29 December 2016

**MCTAVISH LAW PLC**
Christopher A. Chekan (P-54969)
The Onyx Building
29777 Telegraph Rd.
Suite 2425
Southfield, MI 48034
Email: chris@mctavishlaw.com
Tel: (248) 458-4040
Fax: (866) 902-8259
*Attorney for Defendants*

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VARUN CHOPRA, M.D. et al.,            Case No. 16-13915

    Plaintiffs,                               Judge Robert H. Cleland

v.

PHYSICIANS MEDICAL CENTER, LLC, et al.,

    Defendants

_____/

| | |
|---|---|
| Andrew J. Broder (P-23051) | Christopher A. Chekan (P-54969) |
| Payne, Broder & Fossee, P.C. | McTavish Law PLC |
| 32100 Telegraph Rd., Ste. 200 | The Onyx Building |
| Bingham Farms, MI 48025 | 29777 Telegraph Road, Suite 2425 |
| Tel: (248) 642-7733 | Southfield, MI 48034 |
| Fax: (810) 984-1480 | Tel: (248) 458-4040 |
| Email: abroder@ppbf.com | Fax: (866) 902-8259 |
| *Attorney for Plaintiffs* | Email: chris@mctavishlaw.com |
| | *Attorney for Defendants* |

_____/

## PROOF OF SERVICE

I, Mirna Rayes, served Andrew J. Broder, Attorney for Plaintiffs with the Defendants' Answer and Affirmative Defenses on 29 December 2016, by U.S. First Class Mail, email, and facsimile.

Mirna Rayes

*(signature)*
Mirna Rayes