UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VARUN CHOPRA, et al.,

    Plaintiffs,

v.                                          Case No. 16-13915

PHYSICIANS MEDICAL CENTER, LLC, et al.,

    Defendants.

                                         /

**ORDER REGARDING DISCOVERY SUBMISSIONS**

At the request of the Parties, this court held telephonic status conferences on March 6, 2017, and March 20, 2017, in an effort to resolve disagreements regarding the scope of discovery and scheduling of depositions. First, the court circulated an informal memorandum suggesting an agreed-upon path toward resolving these problems. As the Parties could not reach an agreement upon a deposition schedule, the court, following a telephonic status conference where the Parties agreed to abide by the court's suggestions, directed compliance with a proposed schedule based upon informal memoranda that the Parties had emailed the court regarding their own scheduling suggestions. The court indicated that, in the event that they need to deviate from the below schedule the Parties should do so by agreement:

| Affiliation | Deponent Name | Date and Place |
|---|---|---|
| Plaintiff | Dr. Chopra | March 28, 2017 at 10:00 am location: Defendant's choice |
| Plaintiff | Poonam Chopra | March 29, 2017 at 10:00 am location: Defendant's choice |
| Plaintiff | Satish Chopra | March 29, 2017 at 10:00 am location: Defendant's choice |
| Defendant | Carol Samson | March 30, 2017 at 10:00 am location: Plaintiff's choice |
| Defendant | Dr. Nick Hemady | March 30, 2017 at 10:00 am location: Plaintiff's choice |
| Defendant | Priyam Sharma | March 30, 2017 at 10:00 am location: Plaintiff's choice |

The court has since received unsolicited letters from counsel for each side of the dispute outlining continuing problems with the smooth and diligent completion of discovery. Plaintiff alleges that Defendants have unilaterally cancelled the depositions of their witnesses. Defendants in turn allege that this is justified by deposition testimony from Satish Chopra that he believes Defendants have committed crimes and is considering filing a criminal complaint with the F.B.I., permitting them to invoke their Fifth Amendment rights against self-incrimination.

As an initial matter, counsel should not submit letters directly to the court in lieu of formal motion practice. *See, e.g.*, E.D. Mich. Civility Principles, No. 6 ("We will not send letters to the Court . . . that contain argument or criticize counsel in connection with a pending action, unless invited . . ."). Should the parties feel the need for recourse to the court in resolving their remaining discovery problems and believe that written

argumentation rather than informal conferences are the most efficient avenue, they should submit a motion for the court's consideration upon an expedited basis.[1] The court shall otherwise simply disregard any matter included in an informal letter, as it will with those that they Parties have already submitted.

Finally, and in the interests of expeditiously resolving outstanding disagreement, this court notes a succinct yet thorough treatment by Magistrate Judge Goldman of the proper procedure for lodging Fifth Amendment privilege objections:

> A witness may refuse to answer questions in a civil proceeding if the answer would in itself support a criminal conviction or would provide a link in a chain of evidence sufficient to connect the witness with a crime. The risk of criminal prosecution must be real and not merely imaginary, remote or speculative. For that reason, courts typically require a witness to face questioning, assert the privilege as to each question and, where necessary, provide evidence showing the risk of criminal prosecution. By requiring the witness to assert the privilege as to each question, the court can develop a record upon which to review the validity of the assertion of privilege. It is for the court to determine whether a witness has validly asserted the privilege.

*Nunn v. Michigan Dep't of Corr.*, No. 96-71416, 1998 WL 34113236, at *1 (E.D. Mich. Apr. 8, 1998) (citations omitted).

>                          s/Robert H. Cleland
>                          ROBERT H. CLELAND
>                          UNITED STATES DISTRICT JUDGE

Dated:  April 3, 2017

---

[1] The parties should take care that in filing any motion they comply with applicable local rules. *See, e.g.*, E.D. Mich. LR 7.1, 37.1, 37.2.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 3, 2017, by electronic and/or ordinary mail.

                                              s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (810) 984-2056