**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

VARUN CHOPRA, et al.,

    Plaintiffs,

v.                                                   Case No. 16-13915

PHYSICIANS MEDICAL CENTER, LLC, et al.,

    Defendants.

                                                 /

**ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANTS' MOTION FOR SANCTIONS**

Pending before the court is Plaintiffs' Motion to Compel Discovery and for Sanctions. (Dkt. #36.) Defendants have filed a response, (Dkt. #37), and Plaintiffs have filed their reply, (Dkt. #38). Also pending before the court is Defendants' Motion for Sanctions. (Dkt. #40.) This court held a hearing on both motions on May 9, 2017. For the following reasons, the court will grant Plaintiffs' motion to compel and deny Defendants' motion.

**I. BACKGROUND**

The instant case involves allegations that one of the Plaintiffs was admitted to Defendants' hospital residency program on the condition that his parents, also Plaintiffs, make a sizeable donation to the hospital. They allege that not long after they made their donations, the hospital ejected their son from the residency program and refused to return any of the donated money. Defendants argue that Plaintiff left the residency program willingly, and that the donation was made separately without any

understanding that it would guarantee the Plaintiff a spot in the residency program.

The parties have struggled to conduct discovery in this case, resulting in several status conferences and direction by the court to conduct depositions on certain dates. Prior to the filing of either of the instant motions, the court issued an order detailing the history of the discovery issues and offering guidance on applicable law in the hopes that the parties might resolve their dispute informally. (Dkt. #35.) The following day, Plaintiffs filed their motion to compel.

Plaintiffs now allege that Defendants have refused to produce their three deponents despite having earlier agreed to do so. They argue that Defendants' decision to inform Plaintiffs of this fact for the first time on the morning of the scheduled depositions resulted in wasted attorney time and expenses, which the court should award as a sanction under Federal Rule of Civil Procedure 37. They also allege that Defendants have failed to provide substantive responses to formal discovery requests despite their earlier agreements.

Defendants respond that their decision to cancel the depositions was not done in bad faith, but instead was a response to the realization that Plaintiffs might pursue steps to initiate a criminal action against Defendants. They argue that they first became aware of this possibility during the deposition of one of the Plaintiffs the day prior, and they needed time to research the applicability of Fifth Amendment privileges to sufficiently advise their clients during the next day's deposition consistent with their ethical obligations of competence. Counsel argues that they also reached out to Plaintiffs prior to the filing of the instant motion to propose new dates for the remaining depositions to commence. Plaintiffs were not receptive to this suggestion.

In reply, Plaintiffs argue that the court should not reward Defendants' gamesmanship with extra time to prepare for a deposition. Moreover, they argue that Defendants completely failed to respond to their arguments regarding the responses to written discovery which remain outstanding.

After briefing on Plaintiffs' motion concluded, Defendants filed their own motion for sanctions under Federal Rule of Civil Procedure 11, alleging various misstatements or mischaracterizations of law and fact contained across a number of Plaintiffs' pleadings and calling for attorney's fees and costs incurred in responding.

## II. STANDARD

### A. Rule 37

"The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is evidence that "has any tendency to make a fact more or less probable than it would be without the evidence" where "the fact is of consequence in determining the action." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). "However, district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Rules 33 and 34 allow a party to serve interrogatories and requests for

production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A respondent has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). Where a party fails to respond to these requests properly, Federal Rule 37 allows the requesting party to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). "If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust." *Jessica Frye, v. CSX Transportation, Inc., et al.*, No. 14-11996, 2016 WL 2758268, at *1 (E.D. Mich. May 12, 2016) (citing Fed. R. Civ. P. 37(a)(5)(A)).

### B. Rule 11

Pursuant to Rule 11, an attorney's signature on a pleading certifies that, to the best of the attorney's knowledge, information, and belief, formed after a reasonable inquiry:

>(1) [the document] is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
>(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
>(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

4

Fed. R. Civ. P. 11. Rule 11 requires an attorney who has signed a pleading to fulfill three obligations. *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1224, 1229 (6th Cir. 1989).

First, the attorney must conduct a reasonable inquiry to determine that the document is well grounded in fact. Second, the attorney must conduct a reasonable inquiry to determine that the positions taken are warranted by existing law or as good faith arguments for extension or modification of existing law. Third, the document must not be filed for any improper purpose. *Id.*

"The court judges the attorney's conduct by 'an objective standard of reasonableness under the circumstances.'" *Id.* (quoting *INVST Fin. Grp. Inc. v. Chem–Nuclear Sys., Inc.*, 815 F.2d 391, 401 (6th Cir. 1987)). There is no good-faith defense to Rule 11 sanctions because these obligations imposed by Rule 11 require more than mere good-faith litigation. *Id.* Rule 11 imposes a "continuing duty of candor" on litigants, authorizing sanctions for the continued pursuit of unsupportable claims. *Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir.1997).

Sanctions for a Rule 11 violation are discretionary. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009). The primary purpose of a Rule 11 sanction is deterrence rather than compensation. *Ridder*, 109 F.3d at 294. Any Rule 11 sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). While the amended Rule 11 de-emphasizes monetary sanctions and direct payouts, it also recognizes that "if imposed on motion and warranted for effective deterrence," sanctions may include "an order directing payment to the movant of part or all of the reasonable

attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Parties may be sanctioned under Rule 11, as representation by counsel does not immunize a party from all Rule 11 sanctions. Fed. R. Civ. P. 11(c)(1); *Golden v. Spring Hill Assocs.*, No. 93–2186, 1994 WL 592946, at *2 (6th Cir. Oct. 26, 1994) (*per curiam*). However, when sanctions are issued due to a frivolous legal position, only attorneys may be held liable. Fed. R. Civ. P. 11(c) (5)(A); *Dearborn St. Bldg. Assocs. v. Huntington Nat'l Bank*, 411 F. App'x 847, 852 (6th Cir. 2011).

### III. DISCUSSION

Defendants do not argue that Plaintiff failed to comply with the meet-and-confer requirement prior to bringing the instant motion (*See* Dkt. #44), nor do Defendants contest that the written discovery responses Plaintiff identified as outstanding are validly owing. At the hearing, counsel for both parties indicated that Defendants agreed to provide substantive responses to the outstanding written discovery by **Friday, May 12, 2017.** The court is appreciative of counsel's willingness to reach an agreement on this issue, and it will order Defendants to comply with that deadline.

Defendants' arguments regarding their decision to cancel the depositions on short notice carry little weight. At the hearing, counsel for Defendants indicated that Plaintiffs' suggestion during deposition that they were considering pursuing avenues of criminal prosecution arrived "out of the blue." This characterization is simply not consonant with reality. The complaint, filed in early November of 2016, alleges claims under theories of breach of contract, fraud in the inducement, and civil conspiracy. (Dkt. #1.) A proposed amended complaint, filed at the end of January of 2017 added common

law and statutory conversion claims. (Dkt. #25-2.) Defendants had notice, long before the morning of March 30, 2017, that they would need to competently defend their clients in civil discovery against the potential for charges related to fraud, at the very least.

Defendants' decision cannot be viewed as anything other than strategic. Perhaps the time spent reviewing Fifth Amendment principles will pay off for Defendants in the long-run, but they are not free to do so on their own schedule at Plaintiffs' expense. At the hearing, counsel for Plaintiffs indicated that he would prefer to complete these depositions on **Tuesday May 16, 2017, starting at 8:30 a.m.** at Defense counsel's office. Counsel for Defendants indicated that they were able to comply with this request. Thus, the court will order Defendants to make Carol Samson, Dr. Nick Hemady, and Priyam Sharma available for deposition at that time and location. Plaintiffs requested that the deposition of Priyam Sharma occur first, and the court will order the same.

Federal Rule of Civil Procedure 37(d), titled "Party's Failure to Attend its Own Deposition . . ." requires that the court award sanctions, where, as here, the failure is not substantially justified:

> Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)—(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d)(3). Thus, the court will order counsel for Defendants to pay the costs, including time, that Plaintiffs incurred in travel, lodging, and food in anticipation of the cancelled depositions. However, the court will not award sanctions for general

7

deposition preparation time, which, for the most part, would have been incurred in any case and at this stage has not been entirely wasted.

Additionally, the court will award the costs and attorney's fees Plaintiffs incurred in filing the instant motion. The court is not currently in a position to define the amount of this sanction, because Plaintiffs have not described these expenses with sufficient detail. The court directs Plaintiffs to submit a supplemental memorandum identifying the costs and fees with substantive time entry descriptions so that the court can assess their reasonableness.

Defendants' motion under Federal Rule of Civil Procedure 11, however, can not succeed at this stage. Defendant's brief alleges that he telephoned counsel for Plaintiffs on Friday, April 28, 2017, at 3:40 p.m. to request concurrence, which was denied. (Dkt. #40, Pg. ID 657.) The following Monday, Defendants filed their instant motion with the court. Nothing in Defendants' filing indicates that they have complied with the 21 day "safe harbor" provision. When confronted by the court with this problem at the hearing, counsel for Defendants argued that they had filed the motion to allow Plaintiffs 21 days thereafter to come into compliance. The plain text of the rule describes exactly what counsel is expected to do, and it does *not* involve filing a motion in the first instance:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). **The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.** If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added); *see also* Fed. R. Civ P. 11 advisory

committee's note to 1993 amendment ("The motion for sanctions is not, however, to be filed until at least 21 days (or such other period as the court may set) after being served.").

The court will deny Defendants' motion for sanctions because they have not yet afforded Plaintiffs access to the required "safe harbor." In the interest of avoiding unnecessary multiplication of briefings, the court will also take this opportunity to advise Defendants that, should they consider refiling a similar motion after complying with the "safe harbor" provision, they should be certain that the motion is warranted and has not itself been presented to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). As Plaintiff has not filed a formal response, the court will not award Plaintiff any fees or expenses incurred related to this motion.

## IV. CONCLUSION

IT IS ORDERED that Plaintiffs' Motion to Compel and for Sanctions (Dkt. #36) is GRANTED. Defendants shall serve supplemental responses to written discovery before the end of the day on **May 12, 2017**. The deposition of Priyam Sharma shall begin on **May 16, 2017, at 8:30 a.m.** at Defense counsel's office. The depositions of Carol Samson and Dr. Nick Hemady will follow on the same day and at the same location.

IT IS FURTHER ORDERED that Plaintiffs shall file with the court a supplemental memorandum outlining the expenses and fees sought for the courts' consideration.

IT IS FURTHER ORDERED that Defendants' Motion for Sanctions (Dkt. #40) is DENIED.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: May 9, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 9, 2017, by electronic and/or ordinary mail.

                                        s/Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522