# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

VARUN CHOPRA, et al.,

    Plaintiffs,

v.                                      Case No. 16-13915

PHYSICIANS MEDICAL CENTER, LLC, et al.,

    Defendants.

_____/

## OPINION AND ORDER AWARDING FEES AND COSTS

This court entered orders requiring Plaintiffs to submit additional descriptions of the fees and expenses associated with Defendants' unilateral cancellation of a deposition on short notice (Dkt. #45) and the preparation of a motion for contempt for Defendants' disregard of the court's order compelling them to provide discovery responses (Dkt. #57), so that the court could assess the reasonableness of the requested fees and costs. Plaintiffs submitted the requested memoranda, documenting a total of $6,309.66 in proposed fees and costs between the two sanctions. (Dkts. ##48, 62.)

Defendants have filed their own motion, seeking costs and fees associated with responding to discovery related to counts that this court either dismissed or found Plaintiffs could not add to their complaint because they were futile. (Dkt. #64.) That motion has been fully briefed by both sides. (Dkts. ##67, 70.) The court concludes that no hearing is necessary. For the following reasons, the court will grant Plaintiffs' request for fees, and grant in part Defendants' fee request.

Courts must assess the reasonableness of any requested fees and have broad discretion to ensure that the award is reasonable.

> The party seeking attorneys' fees bears the burden of proving the reasonableness of the hourly rates claimed. When determining a reasonable hourly rate, courts use as a guideline the prevailing market rate . . . that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record. A district court may rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.

*Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498–99 (6th Cir. 2011) (citations and quotations omitted). "It is well established that a district court 'has discretion to decide whether an upward or downward adjustment is warranted in order to reach a reasonable fee award.'" *Id.* at 499 (citation omitted). "The Court also looks to the most recent Economics of Law Practice survey issued by the State Bar of Michigan to determine the prevailing market rate." *Havard v. Wayne Cty.*, No. 06-10449, 2012 WL 3583324, at *2 (E.D. Mich. Aug. 20, 2012) (Majzoub, Mag.).

In *Hensley v. Eckerhard*, The Supreme Court outlined the framework used in assessing fees:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector,

> 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."

461 U.S. 424, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983) (citations omitted).

Plaintiffs' requested fees and costs relate first to the unilaterally cancelled deposition for which they were required to travel to Canada and stay overnight at a hotel. The total requested is $4,284.66. The court assesses as reasonable the $234.66 in expenses, including $111.66 in hotel costs, $48 in dinner costs, and $75 in gasoline. Also reasonable is the $4,050 in requested attorney fees. Plaintiffs set their rate at $300/hr, which is commensurate with the normal rates charged in the region. *See* State Bar of Michigan, 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report (https://www.michbar.org/file/pmrc/articles/0000151.pdf). The court finds that based on the type of work involved in this case, the rate is reasonable. Plaintiffs submitted records detailing and supporting the hours spent on each individual task, which, with the exception of four hours' preparation and attendance at the hearing on the motion to compel, never exceed two hours. The court grants the requested amount of $4,284.66.

As to the requested fees related to the preparation of the motion for sanctions and attendant briefs, Plaintiffs tabulate these efforts required 6.75 hours, again billed at $300/hr for a total of $2,025. Just as above, the billing rate is reasonable. Plaintiffs claim that counsel spent 4.75 hours preparing the motion and a combined two hours reviewing Defendants' response and preparing a reply. This is a reasonably efficient use of attorney time that is not out of step with standard billing judgment. The court will award

these fees as well, for a grand total due to Plaintiffs of $6,309.66.

Defendants in turn argue that this court should award their fees and costs associated with responding to formal discovery in connection with the claims Plaintiffs were later unsuccessful in attempting to add to their complaint, or which the court ultimately dismissed.

Discovery in this case has proceeded along a tortured and circuitous path with unusually significant personal involvement of the court. On March 7, 2017, the court held a status conference to resolve, among other issues, a spat wherein Defendants had refused to supply discovery responses on the counts which were, at the time, the subjects of pending motions to dismiss and for leave to amend the complaint.

Following the conference, the court issued an informal memorandum of guidance to counsel for both parties in the interests of inducing expeditious and efficient resumption of normal discovery. That memorandum reflected the court's suggestion for a path forward, to which both sides expressed approval, and which stated in pertinent part:

> Defendant contends that it is prejudicial to permit discovery into matters relating to claims which are the subject of these pending motions . . . The court directs the Parties to proceed with discovery under the assumption that the motion to dismiss, which relates to claims for fraudulent inducement and civil conspiracy, will be denied, and the motion to amend, which seeks to add claims for common law conversion and statutory conversion, will be granted. To the extent that Defendants incur costs responding to discovery (whether written or in a deposition) which is exclusively related to these counts, Defendants' counsel should maintain records of the attorney time spent in half-hour increments along with costs incurred under the assumption that the court *may* order Plaintiffs to reimburse Defendants in the event that the motions are decided in Defendants' favor *and that fundamental fairness warrants such reimbursement.*

Mem. from Ct. on Deposition Practice and Scope of Discovery to Andrew J. Broder and

Christopher A. Chekan (March 8, 2017) (emphasis added).

Thereafter, the Parties' continued inability to cooperate in discovery necessitated extensive further interventions by the court in the form of status conferences, motions to compel and for sanctions under Federal Rule of Civil Procedure 11, and even a mid-deposition teleconference. The court ultimately sanctioned Defendants for fees and costs as outlined above, but also deemed as established the fact that the monies "donated" to Defendants by Plaintiffs was actually a mandatory condition or entrance fee preceding and supporting the residency agreement. This was a determination made in the form of a sanction for Defendants' failure to produce "documents and information which, in the court's estimation, should have been trivial for it to prepare with any reasonable diligence." (Dkt. #57, Pg. ID 1244.) Defendants had failed, twice, to supply a responsive document—the second attempt occurred during a deposition—each time providing something other than what was requested.

It is against this tempestuous backdrop that the court receives and evaluates Defendants' motion.

In 2015, the Rules Committee amended Federal Rule of Civil Procedure 26(c)(1)(B) to expressly permit courts to issue protective orders reallocating expenses for discovery. *See* Advisory Committee Notes to 2015 Amendment ("Authority to enter such orders is included in the present rule, and courts already exercise this authority. Explicit recognition will forestall the temptation some parties may feel to contest this authority."). Although no protective order exists here, the court expects that the Parties have proceeded under the expectation that all would abide by the understanding agreed

to, and memorialized in the quoted memorandum. Defendants have been victorious on their motions. However the unreasonableness of the requested amounts—$28,410.00 in fees and $3,494.99 in costs—combined with Defendants' conduct, militates against a grant of Defendants' motion. The court remains unconvinced that "fundamental fairness warrants such reimbursement" as noted in the court's memorandum. The court ultimately finds no indication that inordinate time was wasted, or even devoted in significant measure, to discovery on the later-dismissed counts. If no significant time was wasted, no recourse to "fairness" or recompense is needed.

Defendants, whose unexcused failure to provide the requested information resulted in this court's discovery sanction, cannot be said to have performed in a manner which justifies the requested amount of their fees. The net result obtained for the clients by these expenditures was a sanction that effectively limits their defenses to Plaintiffs' sole remaining claim.

Moreover, the billing records that Defendants submitted reveal descriptions that appear duplicative; more significantly, they lack meaningful specificity of the tasks performed. For example, two attorneys apparently billed exactly 8.0 hours to the identical task: "Attend deposition of Dr. Chopra and review notes of his testimony after his deposition regarding claims of fraud, conspiracy, and common law and statutory conversion." (Dkt. #64, Pg. ID 1596.) Such a pattern continues throughout the depositions listed, suggesting improbably that two attorneys were needed to attend the depositions, and that both of them spent the same number of minutes reviewing notes afterwards each time. Two consecutive entries by the same attorney on the same date

have the exact same description and number of hours spent. (*Id.*, Pg. ID 1598.)

Another entry shows four hours spent towards: "Research regarding 5th Amendment Privilege in a civil proceeding regarding plaintiffs' claim of conspired fraud." (*Id.*, Pg. ID 1597.) This, incidentally, was the conduct that resulted in the court's first discovery sanction against Defendants for failure to attend their own depositions. When it denied Defendants' motion for reconsideration of the discovery sanction, this court stated that "[n]o reasonably competent attorney, in light of the allegations in the complaint and elsewhere, would have relied upon a frantic eleventh-hour study session to become informed about basic Fifth Amendment law." (Dkt. #57, Pg. ID 1241.)

Furthermore, the $3,494.99 in costs that Defendants seek to recover is entirely associated with ordering deposition transcripts, which doubtlessly covered the remaining breach of contract claim as well as the unsuccessful claims. Yet, as with the attorney hours logged, Defendants have made no significant effort to disambiguate what portion of these transcript costs should be attributed to the latter and ultimately unsuccessful set of legal theories. Some amount is due, but not much.

In this court's exercise of billing judgment based on the records submitted and the history of this case, the court finds that approximately 10% of the requested total costs and fees are reasonable. Multiplying this by the $31,904.99 originally requested results in a total of $3,190. The court will award only these fees and costs, consonant with the quoted memorandum. Finally, for the sake of simplicity, the court will offset those costs due Defendants by those it is awarding to Plaintiffs, resulting in a net difference of $3,119.66 owed to Plaintiffs.

S:\CLELAND\JUDGE'S DESK\C2 ORDERS\16-13915.CHOPRA.FEES.BSS2.RHC.DOCX

7

IT IS ORDERED that Defendants' Motion for Costs (Dkt. #64) is DENIED in part and GRANTED in part.

IT IS FURTHER ORDERED that Defendants forthwith PAY Plaintiffs $3,119.66 in fees and expenses. This accounts for the net of all fees and expenses due to both sides to date.

                                        s/Robert H. Cleland
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE

Dated: August 10, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 10, 2017, by electronic and/or ordinary mail.

                                        s/Julie Owens
                                        Acting in the absence of Lisa Wagner
                                        Case Manager and Deputy Clerk
                                        (810) 984-2056