## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

VARUN CHOPRA, et al.,

       Plaintiffs,

v.                                  Case No. 16-13915

OAKLAND PHYSICIANS
MEDICAL CENTER, LLC,

       Defendants.

_____/

### MEMORANDUM OPINION REGARDING JURY INSTRUCTIONS

In the course of preparing joint jury instructions, there has been extensive back and forth communications between counsel and the court. The trial for this case is scheduled to begin shortly, on October 3, 2018. Currently before the court are the most recent comments from counsel regarding the proposed instructions. Taking these comments into account, the court will update the proposed jury instructions as detailed below.

### I. BACKGROUND

On September 6, 2018 a status conference with counsel for both parties was held in Detroit, Michigan. Counsel informed the court that they intended to proceed to trial. They were instructed to submit joint jury instructions to the court by September 14, 2018. Unable to coordinate this task, draft jury instructions with separate objections from counsel for each party were sent to the court on September 17, 2018. Defense counsel requested a hearing on the record to state objections to the proposed

instructions. The court reviewed the proposed instructions, made some modifications, and then held a status conference on the record on September 20, 2018 to discuss their status.

At this conference, counsel for the parties offered comments and raised objections to the instructions as drafted at that time. The objections are noted in the record of this conference. (Transcript, Dkt. #93). The court agreed to some of the suggested revisions and rejected others. Two main issues were discussed.

One issue was whether the instructions regarding anticipatory repudiation should remain limited to the Hospital making a statement to Dr. Chopra. Plaintiffs requested that language of agency should be included to encompass Mrs. Chopra acting on behalf of her son. Defendant disagreed. The court determined to add the language about Mrs. Chopra potentially acting as an agent.

Additionally, Plaintiffs' counsel contested the instructions about the scope of Priyam Sharma's agency to repudiate a contract on behalf of the Hospital. (Dkt. #93, PageID 2070–71). Plaintiffs argued that this affirmative defense was never pleaded and so had been waived by Defendant. Defendant argued that, although it was never formally added as a defense through a Rule 15 amendment, it was implicated by the witness's deposition testimony. The court instructed counsel to look into this theory and provide case law supporting or opposing the proposition that an affirmative defense could be added by implication in this way, without amendment. (Id., PageID 2072).

On September 24, 2018 the court received competing case authority from counsel about the legitimacy of raising an affirmative defense through testimony elicited

2

in a pre-trial deposition. Defendant put forth *Service Source, Inc. v. Office Depot, Inc.*, which states that a defendant need not assert an employee's lack of authority as an affirmative defense because a defendant does not have the burden to demonstrate that no contract existed. 259 Fed. Appx. 768 (6th Cir. 2008). Plaintiffs argued that allowing the scope of authority issue to be raised in a jury instruction when it had not been pleaded would constitute unfair surprise and undue prejudice to Plaintiffs. They provided several cases, which discussed the procedure of asserting affirmative defenses under Federal Rule of Civil Procedure 8(c) and 15(a) and the inclusion of jury instructions.

Since all parties appeared to be in accord—albeit for very different reasons—that the instruction on scope of authority should be excised, it was. On September 25, 2018 yet another revised draft of the jury instructions was circulated. An explanation for the change made was included. Counsel were advised to provide any feedback promptly, which they did. The court has considered these latest submissions and will now address them individually.

## III. DISCUSSION

In response to the most recent version of the proposed jury instructions, Defense counsel submitted three objections. Plaintiffs' counsel stated no objections, but responded to those raised by the Defendant. The court has considered the arguments and will update the jury instructions as follows.

Defense counsel first requested the addition of a factual statement, "The Hospital has denied the Plaintiffs' claims," at the end of the section of the instructions about the

claims to be decided. Plaintiffs' counsel, while finding it unnecessary, did not object to its inclusion. The court has added that phrasing.

Next, defense counsel requested that the instructions on the Plaintiffs' burden of proof be altered. Specifically, Defendant proposed the addition of two elements to the breach of contract claim: "that Priyam Sharma had the authority on behalf of the Hospital to terminate the express contract between the Hospital and Dr. Varun Chopra," and that "the Hospital breached the contract implied in fact between it and Satish or Poonam Chopra or both." Opposing counsel disagreed with these proposals. The court rejects the proposed additions. The jury instructions as drafted clearly state that Plaintiffs have the burden of proof that a contract was formed in one or more of the ways listed. This could require proving that a person acted on behalf of the Hospital within the apparent or actual scope of a relationship. The instructions include that corporations can act only through the acts of their officers or agents. The jury is properly informed. No additional detail is required. The rest is left to evidence and arguments.

Counsel's third objection was to the language entered as a result of the conference held September 20, 2018. He repeated his disagreement with the addition of language about Mrs. Chopra possibly acting as an agent for Dr. Chopra. (Dkt. #93, PageID 2086). The court is not persuaded by Defendant's arguments. Mrs. Chopra could be proved to have acted as Dr. Chopra's agent for the purposes of anticipatory repudiation. Thus, the language does not need to be excised.

4

**IV. CONCLUSION**

The proposed jury instructions have been updated as explained above.

Counsels' arguments are noted on the record.

IT IS SO ORDERED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  September 28, 2018


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 28, 2018, by electronic and/or ordinary mail.

s/William Barkholz for Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522


S:\Cleland\Cleland\KMM\CIVIL\16-13915.CHOPRA.Memo.JuryInstructions.docx