UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

VARUN CHOPRA, M.D., et. al.,

      Plaintiffs,

v.

OAKLAND PHYSICIANS
MEDICAL CENTER, LLC,

      Defendant.

Case No. 2:16-cv-13915
Hon. Robert H. Cleland

---

## **INSTRUCTIONS**

MEMBERS OF THE JURY:

You have now heard all the evidence in this portion of the case, and following are my instructions on the law that applies. It is your duty as jurors to follow the law as I state it in these instructions, and to apply these rules of law to the facts as you find them to be from the evidence in the case.

You should not single out just one or a few of these instructions as stating the law, but you should consider all my instructions as a whole.

Also, you should not be concerned with the "wisdom" of any rule of law stated by the court. Regardless of any personal opinion you might have as to what the law ought to be, it is your responsibility to accept the instruction

as I give it to you. It would be a violation of your sworn duty to base a verdict upon any view of the law other than the one I give you in these instructions; by the same token, it would be a violation of your sworn duty to base your verdict upon anything other than the evidence you have actually seen and heard in the case.

## PROVINCE OF THE JURY

You have been sworn as jurors to try the issues of fact presented in this case. You are to perform this duty without bias or prejudice as to either party. Our system of law does not permit jurors to decide cases out of sympathy, bias, prejudice or in reaction to public opinion. The plaintiffs, the defendant, and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just and proper verdict, regardless of whatever consequences that may follow.

Your determination of the facts in this case must be based only upon the evidence admitted during the trial.

## EVIDENCE, DEFINED

Evidence consists of the sworn testimony of the witnesses. It also includes exhibits, which are documents and other things introduced into evidence. It may also include anything I have told you to assume is proven.

There are certain things that are not evidence. First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe that a question is improper. You should not be influenced by any objection, and you should not infer from my rulings on the objections that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. But if the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Fifth, questions by the lawyers, you, or me to the witnesses are not evidence. You should consider these questions only as they give meaning to the witness's answers.

Sixth, my comments, rulings, and instructions are also not evidence. It is my duty to see that the trial is conducted according to the law, and to tell

you the law that applies to this case. However, when I make a comment or give an instruction, I am not trying to influence your vote or express a personal opinion about the case. If you believe that I have an opinion about how you should decide this case, you must pay no attention to that opinion. You are the only judges of the facts, and you should decide this case from the evidence.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life. People often look at certain facts and are able to conclude that another fact exists. This is "drawing an inference." A jury is always permitted to draw inferences, as long as they are reasonable and based on the evidence in the case. Evidence consists of the sworn testimony of the witnesses. It also includes exhibits, which are documents or other things introduced into evidence. It may also include some things that I specifically tell you to consider as evidence.

## INSTRUCTIONS APPLY TO EACH PARTY

Unless I state otherwise, you should consider each instruction given to apply equally to the Plaintiffs and to the Defendant.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such

as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining would be testimony from a witness who said, "I was outside just now and it's raining." Circumstantial evidence that it is raining could be a witness who says he saw a person step inside shaking out a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You will decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including both direct and circumstantial evidence.

## NOT ALL EVIDENCE REQUIRED TO BE PRESENTED

The law does not require either party in a case to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during the trial. Additionally, the law does not require the defendant to put any evidence before the court in support of the defendant's case-in-chief if the defendant chooses not to do so.

## CREDIBILITY OF WITNESSES

Part of your job as jurors is to decide how believable each witness was.

This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or you can believe none of it at all (even if the witness has not been contradicted). But you should, of course, act reasonably and carefully in making these decisions.

I always suggest a few things for the jury to consider in evaluating each witness's testimony. Was the witness able to clearly see or hear the events the witness was talking about? How good did the witness's memory seem to be? Did the witness seem able to accurately remember what happened? Was there anything that may have interfered with the witness's ability to perceive or remember the events? How did the witness look and act while testifying? Did the witness have any relationship to either side of the case, or anything to gain or lose that might influence the witness's testimony? Did the witness have any bias, or prejudice, or reason for testifying that might cause the witness to slant testimony in favor of one side or the other?

Did the witness testify inconsistently while on the witness stand, or say something elsewhere that is not consistent with what the witness said while testifying? If you think that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. It may or may not. For example, you might consider whether the inconsistency was understandable

or explainable. You might also ask yourself if it seemed like an insignificant or common mistake, or if it seemed to indicate a deliberate attempt to mislead. Finally, you could ask yourself how believable the witness's testimony was in light of all the other evidence. In other words, was the witness's testimony supported or was it contradicted by other evidence that you found believable?

Ultimately, use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight or significance you think it deserves.

## ALL PERSONS, INCLUDING CORPORATIONS, EQUAL BEFORE THE LAW

This case should be considered and decided by you as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is a legal person, and is entitled to the same fair trial under the law as is a natural person. All persons, including corporations, stand equal before the law, and deserve to be treated as equals.

## CONSIDERATION OF THE EVIDENCE—CORPORATE PARTY'S AGENTS AND EMPLOYEES

A corporation may act only through natural persons as its agents or employees. This rule recognizes the fact that a company is not a physical

being capable of acting or making decisions. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations if those acts are made while they were acting within the scope of the authority delegated to them by the corporation, acting within the scope of their duties as employees of the corporation, or acting with "apparent" authority.

"Apparent" authority arises where the acts and appearances lead a third person reasonably to believe that an agency relationship traceable to the principal exists. A corporation is bound by the acts of its agent or employee if 1) the corporation put its agent or employee in such a situation that an ordinary person familiar with the particular type of business involved in this matter would be justified in assuming that the agent or employee had the authority to act on behalf of the corporation, 2) the plaintiff assumed that the corporation's agent or employee had the authority to act on behalf of the corporation, and 3) the plaintiff was justified in assuming that the corporation's agent or employee had the authority to act on its behalf.

## PROOF BY A PREPONDERANCE OF EVIDENCE

The parties that have a burden of proving a claim or an affirmative defense must prove such claims or defenses by a standard known as "preponderance of the evidence." To prove something by a "preponderance

of the evidence" means to prove that something is more likely true than not true. In other words, a "preponderance of the evidence" means evidence that, when it is considered and compared with the evidence opposed to it, has more convincing force and produces in your minds a belief that whatever was sought to be proved is more likely true than not true.

In determining whether any fact at issue has been proved by a preponderance of the evidence in the case, you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. So even though Defendant, for example, may have the burden of proving something, you are not limited to considering just Defendant's witnesses or documents. You may and should consider all the applicable evidence from whatever source.

## CLAIMS TO BE DECIDED

This case involves claims asserted by the Plaintiffs, Dr. Varun Chopra, and his parents, Satish Chopra and Poonam Chopra, against the Defendant, Oakland Physicians Medical Center, LLC, d/b/a Pontiac General Hospital. Sometimes I will refer to the Plaintiffs as "Plaintiffs" or as the "Chopras," and sometimes I will refer to the Defendant as "Defendant" or the "Hospital."

In this case, Plaintiffs claim that the Hospital entered into a contract with all, or at least some, of the Plaintiffs, the essence of which was that Dr. Varun Chopra was to be granted admission to the Hospital's "medical residency" training program in exchange for a payment of $400,000 made by the Chopras to the Hospital. The Chopras claim that the Hospital breached the parties' contract by later denying Dr. Varun Chopra admission to the residency program. The Chopras claim that they suffered damages as a result of the Hospital's refusal to permit Dr. Varun Chopra to join the residency program and its refusal to refund the Chopras' $400,000 payment. Later in my instructions, I will address the Plaintiffs' specific damages claims.

### Contracts – General Introduction

A contract is a legally enforceable agreement to do or not to do something. In order for there to be a contract, there must be 1) an offer by one party, 2) an acceptance of the offer by the other party, and 3) "consideration" (which means something of value) for the offer and acceptance. Mere discussions and negotiations are not a substitute for the formal requirements of a contract.

An "offer" to make a contract is a proposal to enter into a bargain, communicated by words or conduct that would reasonably lead the person

to whom the proposal is made to believe that the proposal is intended to create a contract.

No particular form of an offer is required, although the essential terms of the contract must be reasonably clear, definite, and certain.

"Acceptance" is a statement or conduct by a person receiving an offer that would reasonably lead the person who made the offer to believe that the material terms of the offer have been agreed to; an offer may require a specific form of acceptance. A response that changes, adds to, or qualifies the material terms of the offer is not an acceptance. A "material" term is one that goes to the essence of the agreement.

A contract must be supported by consideration. "Consideration" is something of value given in exchange for the promise. However, an act done in the past cannot be consideration for a later contract. Doing or promising to do what one is already obligated to do is not "consideration." The consideration does not need to be expressed in writing.

Consideration for a promise or act does not have to be equal in value to the promise or act. It is enough if the consideration is given, at least in part, in exchange for the promise. If one party performed any act at the request of the other party, no matter how small or nominal, then there was

valuable consideration to support the contract, provided that the party performed such act in good faith.

"Breach" means the failure to perform a promise, duty or obligation that is required and due under a contract. Each party to a contract has a duty to perform his or her obligations under the contract. A contract is breached or broken when a party does not substantially perform what the party promised to do in the contract. When I say that a party must have "substantially performed" the contract or that "substantial performance" of the contract is required, I mean that, although there may have been some deviations or omissions from the performance called for by the language of the contract, the other party received the important and essential benefits for which the contract was made. The extent of any nonperformance is viewed in light of the full performance promised. If the defect or uncompleted performance is of such extent and nature that there has not been practical fulfillment of the terms of the contract, then there has not been "substantial performance." A party who only substantially performs may be required to pay as damages the costs of remedying any defects in performance.

A contract is to be interpreted so as to give effect to the parties' intentions. Plaintiffs have the burden to prove what the parties intended the

contract to mean. You cannot make for the parties a different contract than the parties made for themselves.

If there is a written contract, it is the intent expressed or apparent in writing that controls. If you find there is any ambiguity in the contract, you should construe that ambiguity against the drafter of the contract. A written agreement, along with all attachments to it, is to be considered in determining the existence or nature of the contractual duties owed by the parties to each another. In determining the parties' intentions under a written contract, you should consider the agreement as a whole, including all of its parts and attachments.

A contract can be made of several different documents if the parties intended that their agreement would include the various documents together. If you find that the parties entered into a contract that refers to other existing documents in such a manner as to establish that they intended to make the terms and conditions of the other documents part of their contract, you should interpret the incorporated documents as part of the contract between the parties according to the rules I have given you for interpreting contracts. You should interpret the words of the contract by giving them their ordinary and common meaning.

There is no requirement, however, that a contract be in writing, that it

be dated, or that it be signed by either party. It can be entirely oral, or it can be partly oral and partly in writing.

In this case, the Plaintiffs assert claims for breach of contract based on theories of 1) express contract, 2) contract implied in fact, and 3) contract implied in law. Plaintiffs are entitled to state these claims alternatively or together.

Generally speaking, if an express contract exists, there cannot be an implied contract covering the same subject matter and the same parties. However, in this case, it is possible that more than one contract exists, even covering the same subject matter, as there are multiple plaintiffs. For example, an express contract may exist between Plaintiff Dr. Varun Chopra and the Hospital, and there also may exist an implied contract in fact between Satish and/or Poonam Chopra and the Hospital. It is up to you to decide whether a contract, or more than one contract, exists.

An express contract is an actual agreement of the parties, the terms of which are openly uttered or declared at the time of making it, being stated in distinct and explicit language, either orally or in writing.

Even in the absence of an express agreement as described above, a contract can be "deemed" to be formed by conduct of the parties. This is called an implied contract. To establish an implied contract Plaintiffs would

have to prove 1) parties who are competent to contract, 2) a proper subject matter, 3) consideration, 4) mutuality of agreement, and 5) mutuality of obligation.

There are two types of implied contracts, contracts "implied in fact" and contracts "implied in law." I will instruct you as to each.

A contract implied in fact is one that is gathered by implication or proper deduction from the conduct of the parties, language used, or things done by them, or other pertinent circumstances about the transaction. The law recognizes contracts implied in fact where parties accept obligations by conduct that objectively shows a meeting of the minds.

Contracts implied in law are not true contracts, but instead are "quasi-contracts" implied by courts when a party retains money or benefits which in justice and equity belong to another party. The elements of a contract implied in law are 1) the receipt of a benefit by a defendant from a plaintiff, and 2) which benefit it is unjust that the defendant retain. Restitution (or repayment) may be imposed under the equitable theory of a contract implied in law to prevent the unjust enrichment of one party at the expense of another.

## THIRD-PARTY BENEFICIARY CONTRACT

One of the Plaintiffs' claims in this case is that Dr. Varun Chopra's parents entered into a contract with the Hospital, under which they paid

$400,000 to the Hospital in order for their son to be admitted into its residency program, and that he was intended to benefit from the contract made by his parents with the Hospital.

Under the law, an intended third-party beneficiary of a contract may bring a claim when a contractual promise in his favor has been breached. Any person for whose benefit a promise is made by contract has the same right to enforce the promise that he would have had if the promise had been made directly to him. A promise is considered to have been made for the benefit of a person whenever the person making the promise has undertaken to do something directly (that is, not just through happenstance or incidentally) for the person being benefitted.

## AGENCY RELATIONSHIP

Plaintiffs also claim that Dr. Varun Chopra's parents, Satish Chopra and Poonam Chopra, acted as Dr. Chopra's agents, with his knowledge and permission, and that they were authorized by him to act on his behalf in discussions with the Hospital regarding Dr. Chopra's desire to enter into the residency program, and regarding payment of the $400,000 entry fee required by the Hospital for his admission.

Plaintiffs also claim that the Hospital treated the Chopras' payment as fulfillment of the entry fee required by the Hospital to admit Dr. Varun Chopra

to the residency program. Plaintiffs claim that because Satish and Poonam Chopra were acting as Dr. Varun Chopra's agents, their payment to the Hospital is attributable to him. An "agent" is a person who is authorized by another to act on his behalf. The person who gives authority, but retains control, is the "principal." An agency may exist with or without an express declaration but cannot exist contrary to the express will of an alleged principal. An agency relationship may be proved directly or circumstantially, from the course of the parties' dealings.

## PLAINTIFFS' BURDEN OF PROOF – BREACH OF CONTRACT

For Plaintiffs to prove their claim for breach of contract based on a theory of express contract or contract implied in fact, Plaintiffs have the burden of proving by a preponderance of the evidence the following three things: that there was

    (a)   an offer, and

    (b)   an acceptance, and

    (c)   consideration

to form a contract, either express or implied in fact, between some or all of the Chopras and the Hospital;

    (d)   that the Hospital breached the contract; and

    (e)   that the Chopras suffered damages as a result of the breach.

As to the "consideration" needed to prove a contract, I instruct you that the $400,000 paid by Chopras was the satisfaction of a mandatory entry fee required by the Hospital; no further or additional proof of "consideration" provided by any of the Plaintiffs is required.

If after carefully reviewing all the evidence you find that Plaintiffs have proved the elements of a breach of contract as I have stated, then your verdict should be for the Chopras.

If, however, Plaintiffs fail to prove that a contract, either express or implied, existed, you should next consider whether a contract implied in law exists.

To prove this claim, Plaintiffs must prove by a preponderance of the evidence the following two things:

(a)   that the Hospital received a benefit from the Plaintiffs and

(b)   that it would be unjust for the Hospital to retain that benefit.

If you find that the Chopras have failed to prove a breach of contract claim as explained above, and also failed to prove the existence of a "contract implied in law," then your verdict should be for the Hospital.

## HOSPITAL'S AFFIRMATIVE DEFENSES

Defendant Hospital asserts certain "affirmative defenses." Defendant Hospital bears the burden of proving by a preponderance of the evidence

the existence of any such defense.

## "FIRST TO BREACH"

The Hospital first claims that it cannot be held liable for breaching the parties' contract between the Hospital and the Chopras because Plaintiff Dr. Varun Chopra was the first to breach the residency agreement.

Under Michigan law, a party to a contract who first breaches a contract in a substantial way cannot succeed in an action against the other party to the contract for a subsequent breach or a failure to perform.

To prove that Dr. Chopra committed a substantial first breach, the Hospital must prove the following things:

(a) under the residency agreement, the Hospital, reasonably expected to receive from Dr. Chopra the benefit of a full-time resident for the period of November 1, 2016, to October 31, 2017, and that

(b) this expectation was a substantial component of the residency agreement, and that

(c) through no fault of its own but because of acts undertaken by one or more of the Plaintiffs, it did not receive such benefit.

If you determine that Dr. Chopra committed the first substantial breach of the residency agreement, then you must find that the Hospital is not liable

to the Plaintiffs for breach of contract.

## "NO REPUDIATION BY DEFENDANT"

The defendant Hospital next claims that it did not repudiate the residency agreement on October 26, 2016.

To prove that no repudiation occurred, Defendant must prove the following by a preponderance of the evidence:

(a)   that no statement was made by the Hospital to Dr. Chopra, or to Mrs. Chopra as his agent, indicating that the Hospital will commit a contract breach.

## DAMAGES

If you find that the Hospital is liable to the Chopras for breach of contract, then you must determine the amount of money, if any, to award to the Chopras as contract damages. The following instructions tell you how to do that.

If you find that the Hospital is not liable, then you do not need to consider the subject of damages.

Plaintiffs must prove by a preponderance of the evidence the amount of any damages to be awarded. However, the Chopras are not required to prove their damages with mathematical precision because it is not always possible that a party can prove the exact amount of its damages. Therefore,

it is necessary only that the Chopras prove their damages to a reasonable certainty or a reasonable probability. You may not, however, award damages on the basis of guess, speculation or conjecture.

Contract damages are intended to give the party the benefit of the party's bargain by awarding them a sum of money that will, to the extent possible, put them in as good a position as they would have been in had the contract been fully performed. The injured party should receive those damages naturally arising from the breach. Plaintiffs cannot recover a greater amount as damages than they could have gained by the full performance of the contract. It is for you, the jury, to determine whether Plaintiffs are entitled to claim the $400,000 at issue as damages.

In addition to any award for damages naturally arising from the breach, you also may include amounts to compensate the Chopras for consequential damages. Consequential damages are any additional damages that were contemplated by both parties at the time they made the contract.

In fixing the amount of damages, you should not include any loss that the Chopras could have prevented by exercising reasonable care and diligence when they learned or should have learned of the breach. The burden is on the Hospital to prove that the Chopras failed to minimize their

damages and that the damages should be reduced by a particular amount as a result.

## VERDICT—UNANIMOUS—DUTY TO DELIBERATE

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous. It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## JURY ROOM DELIBERATIONS

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and

will speak for you here in court. Once you start deliberating, do not talk to the jury officer or to me or to anyone else about the case. We must communicate in writing. Write down your message, sign it, and then give it to the jury officer. The jury officer will give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Your messages should normally be sent to me through your foreperson.

If you want to review any exhibits that were admitted into evidence, you may send me a message, and those exhibits will be provided to you.

When you have reached a unanimous verdict, send out a message saying only that you have completed your work, and I will assemble the attorneys. Please be patient. You will be brought out in due course to deliver your verdict in open court on the record.

## COURT HAS NO OPINION

Let me finish up by repeating something that I have said before. Nothing that I have said or done during this trial was meant to influence your decision in any way.