**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

VARUN CHOPRA, et al.,

    Plaintiffs,

v.                                                 Case No. 16-13915

OAKLAND PHYSICIANS MEDICAL
CENTER, LLC,

    Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S AND PLAINTIFFS'**
**MOTIONS FOR JUDGMENT AS A MATTER OF LAW**

A jury trial for this case was held October 3 to 9, 2018. After all the evidence was entered, Defendant filed a Motion for Judgment as a Matter of Law (Dkt. #95) and Plaintiffs made an Oral Motion for Judgment as a Matter of Law (Dkt. #96). The court took the motions under advisement and allowed the jury to deliberate. The jury returned its verdict for Plaintiffs, rendering their Motion moot, and Defendant did not renew its Motion. Yet both Motions remain on the court's docket. For the reasons stated below, the court will deny Defendant's Motion, in addition to denying as moot Plaintiffs' Motion.

Federal Rule 50(a)(2) permits a party to move for judgment as a matter of law "at any time before the case is submitted to the jury." Fed. R. Civ. P. 50(a)(2). If such a motion is not granted, "the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion." Fed. R. Civ. P. 50(b). A renewed motion for judgment as a matter of law must be filed "[n]o later than 28 days after the entry of judgment." *Id.* Moreover, "failure to renew a motion for

judgment as a matter of law following the jury verdict 'forecloses [a party's] challenge to the sufficiency of the evidence." *CFE Racing Products, Inc. v. BMF Wheels, Inc.*, 793 F.3d 571, 583–84 (6th Cir. 2015) (quoting *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 404 (2006)) (alterations in original).

"In diversity cases, when a Rule 50 motion for judgment as a matter of law is based on a challenge to the sufficiency of the evidence, this Court applies the standard of review used by the courts of the state whose substantive law governs the action." *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 844 (6th Cir. 2013) (quoting *Kusens v. Pascal Co.*, 448 F.3d 349, 360 (6th Cir. 2006)). The equivalent motion under Michigan law is a motion for a directed verdict. *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (2009). Such a motion is granted "only if, after viewing all of the evidence in the light most favorable to the party opposing the directed verdict, reasonable minds could not differ on any question of material fact." *Id.* (citing *Caldwell v. Fox*, 394 Mich. 401, 407 (1975)).

In this case, Defendant did not renew its Motion for Judgment as a Matter of Law after the verdict and so forfeited its claims based on sufficiency of the evidence. And even if the Motion had been renewed, judgment as a matter of law is not merited. The evidence presented at trial created genuine issues of material fact for the jury to determine; much turned on credibility determinations that are the province of the jury. The evidence was not so one-sided as to mandate a judgment for Defendant, and the case was properly sent to the jury. Noting that "[if] there is any credible evidence to support a verdict, it should not be set aside," *Cole v. City of Memphis*, 839 F.3d 530,

542 (6th Cir. 2016) (quoting *Farber v. Massillon Bd. of Educ.*, 917 F.2d 1391, 1395 (6th Cir. 1990)), the court will not grant Defendant's Motion for Judgment as a Matter of Law.

Additionally, in so far as Defendant's Motion raises challenges other than the sufficiency of the evidence, it appears to be yet another mislabeled motion for reconsideration. (*See* Dkt. #90, PageID 1 n.1.) Defendant offers no procedural basis for the court to review legal arguments that it has already ruled upon, and the court cannot review its own decisions for abuse of discretion. (See Dkt. #95, PageID 2122.) Accordingly,

IT IS ORDERED that Defendant's Motion for Judgment as a Matter of Law (Dkt. #95) is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Oral Motion for Judgment as a Matter of Law (Dkt. #96) is DENIED AS MOOT.

                                      s/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Dated: November 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 27, 2018, by electronic and/or ordinary mail.

                                      s/ Lisa Wagner
                                      Case Manager and Deputy Clerk
                                      (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\16-13915.CHOPRA.DenyJMOL.docx